WO                        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


ROMAN CHACON, an Arizona resident,    )
                                      )
                        Plaintiff,    )
                                      )
            vs.                       )
                                      )
OHIO STATE LIFE INSURANCE COMPANY, )
a Texas corporation authorized to do and )
doing business within the State of Arizona, )
                                      )        No. 2:14-cv-0574-HRH
                        Defendant.    )
_____)


O R D E R

Motion for Summary Judgment

Defendant moves for summary judgment.[1]  This motion is opposed.[2]  Oral argument

has been requested and has been heard.

Facts

Plaintiff is Roman Chacon.  Plaintiff was born in New Mexico on November 5, 1993.

He turned 18 years old on November 5, 2011.

_____

[1]Docket No. 8.

[2]Docket No. 19.

Defendant is Ohio State Life Insurance Company.  Defendant is a Texas corporation, which is authorized to do business in Arizona and New Mexico.

Plaintiff's father, Matthew Chacon ("Mr. Chacon"), a lifelong New Mexico resident, applied for a life insurance policy with defendant on January 3, 2001.  The application for life insurance was taken at Mr. Chacon's home, which was located at 3018 Bright Star NW, Albuquerque, New Mexico.  This is also the address that Mr. Chacon listed as his home address on the application.  The application listed a Dallas, Texas address for defendant.

Defendant issued a life insurance policy to Mr. Chacon on January 29, 2001, effective February 1, 2001.  The policy was issued and delivered in New Mexico.  The policy listed a Dallas address for defendant on the cover page and provided that premiums were to be paid to defendant's home office in Dallas, Texas.[3]  The beneficiaries under the policy were Mr. Chacon's wife, Aurora Chacon; plaintiff; and the Estate of Matthew Chacon.  The policy provided that it would become incontestable once in effect for two years.

Mr. Chacon died on February 28, 2002, in New Mexico, within the two-year contestability period.  Probate occurred in the Albuquerque District Court, with Mrs. Chacon as the personal representative of Mr. Chacon's estate.

In April 2002, Mrs. Chacon submitted claim forms on behalf of all the beneficiaries of Mr. Chacon's life insurance policy.  The claim forms were sent from New Mexico, where Mrs.

---

[3]Claims File at 156, Exhibit 6, Plaintiff's Amended Response [etc.], Docket No. 19.

Chacon lived, to Valerie Nelson, a claims examiner for defendant who was located in Kansas City, Missouri.[4] In July 2002, a New Mexico lawyer representing Mrs. Chacon sent additional paperwork to Ms. Nelson in Missouri.[5]

On November 27, 2002, Ms. Nelson informed Mrs. Chacon and her New Mexico attorney that defendant had to "consider th[e] policy null and void from its inception; and consequently, no proceeds are payable" because defendant had determined that Mr. Chacon failed to disclose information regarding "treatment for illegal drug use and abuse", which defendant considered "significant and material to the evaluation of" Mr. Chacon's insurability.[6]

On December 30, 2002, a second New Mexico attorney made inquiries on Mrs. Chacon's behalf regarding defendant's rescission of the policy.[7] These inquiries were directed to Ms. Nelson in Missouri.[8]

On February 5, 2004, an Arizona attorney, David Abney, advised Ms. Nelson that he would now be representing Mrs. Chacon "with regard to your denial of coverage letter dated

_____

[4]Claims File at 187-209, Exhibit 1-1, Motion for Summary Judgment re Statute of Limitations, Docket No. 14.

[5]Id. at 298.

[6]Claims File at 639, Exhibit 1-2, Motion for Summary Judgment re Statute of Limitations, Docket No. 14.

[7]Claims File at 126, Exhibit 1-1, Motion for Summary Judgment re Statute of Limitations, Docket No. 14.

[8]Id.

-3-

November 27, 2002."[9]  On March 3, 2004, Abney asked defendant to reconsider its decision.[10]

The request for reconsideration was sent from Arizona to Ms. Nelson in Missouri.[11]

On March 18, 2004, Paul Garvin, in defendant's legal department in Missouri, responded to Mr. Abney's request for reconsideration.[12]  On March 24, 2004, Abney sent another letter to Garvin in Missouri.[13]

In July 2004, Mrs. Chacon and plaintiff moved to Arizona,[14] where plaintiff continues to reside.[15]

On May 26, 2005, Abney sent a final demand letter to Garvin in Missouri.[16]  Abney "demanded that [defendant] provide the $400,000 in insurance benefits," gave defendant 30 days in which to respond to the demand, and stated that "[a]fter that time, we will pursue the

--------

[9]Claims File at 678, Exhibit 1-2, Motion for Summary Judgment re Statute of Limitations, Docket No. 14.

[10]Exhibit 9, Plaintiff's Amended Response [etc.], Docket No. 19.

[11]Id.

[12]Exhibit 10, Plaintiff's Amended Response [etc.], Docket No. 19.

[13]Exhibit 11, Plaintiff's Amended Response [etc.], Docket No. 19.

[14]Declaration of Plaintiff Roman ("Israel") Chacon at 1, ¶ 3, Exhibit 14, Plaintiff's Amended Response [etc.], Docket No. 19.

[15]Id. at 4, ¶ 10.

[16]Claims File at 985, Exhibit 1-2, Motion for Summary Judgment re Statute of Limitations, Docket No. 14.

proper legal remedies."[17]  On December 14, 2005, defendant advised Abney that it "stands by its original denial of this claim."[18]

On November 4, 2013, plaintiff commenced this action in Arizona state court and it was removed to this court on the basis of diversity jurisdiction.  In his complaint, plaintiff asserts a breach of contract claim and a claim for bad faith.

Defendant now moves for summary judgment, arguing that plaintiff's claims are barred by New Mexico's statute of limitations.  Plaintiff contends that his claims are not barred because Arizona's statute of limitations applies to his claims.

<u>Discussion</u>

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to show that there is an absence of genuine issues of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in

---

[17]<u>Id.</u> at 986 & 999.

[18]Claims File at 1106, Exhibit 13, Plaintiff's Amended Response [etc.], Docket No. 19.

its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

"In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000). "Arizona courts apply the Restatement [(Second) of Conflicts] to determine the applicable law in a contract action." Swanson v. Image Bank, Inc., 77 P.3d 439, 441 (Ariz. 2003).

Defendant contends that Section 192 governs which state's statute of limitations applies here. Plaintiff contends that Section 142 governs.

Section 192 provides:

> The validity of a life insurance contract issued to the insured upon his application and the rights created thereby are determined, in the absence of an effective choice of law by the insured in his application, by the local law of the state where the insured was domiciled at the time the policy was applied for, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.[19]

Section 142 provides:

_____

[19]Restatement (Second) of Conflicts of Laws § 192 (1971).

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.[20]

Plaintiff argues Section 192 does not govern the question of which state's statute of limitations applies because Section 192 plainly states that it applies to "[t]he validity of a life insurance contract" and "the rights created thereby" but says nothing about the statute of limitations, which plaintiff argues is irrelevant to a life insurance contract's validity or the rights created by such a contract. But, Section 142 cannot apply here. As the court in Shoemaker v. Lincoln National Life Insurance Company, Case No. 11-1368-PHX-JAT, 2013 WL 646010, at *8 (D. Ariz. Feb. 21, 2013) (citation omitted), explained, "[t]he introductory notes to chapter 6, of which section 142 is part, explicitly state that [t]his chapter does not deal with the situations where federal courts apply State law." Chapter 6 deals with conflicts of

---

[20]Restatement (Second) of Conflicts of Laws § 142 (1988).

"procedure" when a state court applies state law.  Chapter 6 does not deal with conflicts of law when, as here, a federal court applies state law.

This is a declaratory judgment action seeking to avoid defendant's rescission of Mr. Chacon's life insurance policy.  In other words, this is a contract rescission case.  Section 192 is found in the chapter of the <u>Restatement</u> that deals with contracts, and Section 192 deals specifically with life insurance contracts.  Thus, Section 192 governs the issue of which state's statute of limitations applies here.

Section 192 provides that the law of the state where the insured was domiciled applies unless some other state has a more significant relationship under the principles set forth in Section 6 of the <u>Restatement</u>.  There is no dispute that Mr. Chacon was a resident of New Mexico when the policy in question was issued.  Thus, New Mexico law will apply to the statute of limitations question unless the principles of Section 6 dictate otherwise.

Section 6 provides:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

>> (a) the needs of the interstate and international systems,

>> (b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.[21]

Section 6(1) precludes Arizona law from applying here because Arizona's statutes make clear that Arizona rescission law does not apply to policies issued in other states.  A.R.S. § 20-1101(2), which is found in the same article as Arizona's rescission statute, provides that "[t]his article shall not apply to ... [p]olicies or contracts not issued for delivery in this state nor delivered in this state[.]"  Thus, the Arizona legislature has made it clear that Arizona law only applies to insurance policies that were issued in Arizona.  See Shoemaker, 2013 WL 646010, at *9 (quoting A.R.S. § 20-1101) ("Arizona law specifies that Arizona statutes governing insurance contracts, 'shall not apply to:' '[p]olicies or contracts not issued for delivery in this state nor delivered in this state.'  Thus, Arizona law is precluded from applying to the Contracts because the Policies were issued and delivered in Pennsylvania.").

---

[21]Restatement (Second) of Conflicts of Laws § 6 (1971).

Consideration of the Section 6(2) factors indicate that New Mexico has a more significant relationship with the transaction and the parties than Arizona. Most of the Section 6(2) factors are neutral but two weigh heavily in favor of New Mexico. First, defendant could not have expected to be sued in Arizona, given that the insurance policy was delivered in New Mexico, the insured died in New Mexico, and the beneficiaries lived in New Mexico when they made their claims and when their claims were denied. Second, applying the law of the state in which the policy was issued creates certainty, predictability and uniformity, while plaintiff's "rule", which would be to apply the law of where the beneficiary lives, would create uncertainty and unpredictability for insurance companies and could leave insurance companies open to lawsuits in jurisdictions where they choose to not write policies and may not even be licensed. The only connection that Arizona has with the transactions and the parties is that one of the beneficiaries of what was a New Mexico life insurance policy moved to Arizona sometime after the insurance company had rescinded the policy.[22]

Under New Mexico law, a breach of contract claim is barred if not brought within six years of accrual. NMSA 1978, § 37-1-3(A). An insurance bad faith claim is barred if not brought within four years of accrual. NMSA 1978, § 37-1-4. Plaintiff's claims accrued on November 27, 2002, the date on which defendant gave formal written notice that it was

---

[22]Because New Mexico has a more significant relationship with the parties and the transaction, even if Section 142 governed the statute of limitations question, which it does not, New Mexico law, not Arizona law, would apply here.

rescinding Mr. Chacon's policy and denying benefits.  See Beggs v. City of Portales, 305 P.3d

75, 79 (N.M. Ct. App. 2013) (quoting Smith v. Galio, 617 P.2d 1325, 1327 (N.M. Ct. App. 1980)

("'In a breach of contract action, the statute of limitations begins to run from the time of the

breach'").  But for plaintiff's minor status, he would have had to bring his breach of contract

claim by November 27, 2008 and his bad faith claim by November 27, 2006.  In New Mexico,

"[t]he times limited for the bringing of actions ... shall, in favor of minors and incapacitated

persons, be extended so that they shall have one year from and after the termination of such

incapacity within which to commence said actions."  NMSA 1978, § 37-1-10.  Thus, under New

Mexico law, plaintiff had one year from his 18th birthday in which to bring his claims.  But,

because he brought his claims one day short of his 20th birthday, his claims were brought too

late.[23]

Conclusion

Defendant's motion for summary judgment[24] is granted.  The clerk of court shall enter

judgment dismissing plaintiff's complaint with prejudice.

DATED at Anchorage, Alaska, this 18th day of November, 2014.

/s/ H. Russel Holland
United States District Judge

---

[23]Even if plaintiff's claim did not accrue until December 14, 2005, the date on which defendant responded to Abney's final demand letter, plaintiff's claims would be barred under New Mexico law.

[24]Docket No. 8.