WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

RAMON CHACON, an Arizona resident,  )
                                     )
                                     )
                        Plaintiff,   )
                                     )
    vs.                              )
                                     )
OHIO STATE LIFE INSURANCE COMPANY,   )
a Texas corporation authorized to do and  )
doing business within the State of Arizona,  )
                                     )   No. 2:14-cv-0574-HRH
                        Defendant.   )
_____)

O R D E R

Motion for Partial Summary Judgment

Defendant moves for partial summary judgment.[1] This motion is opposed.[2] Oral argument was requested and has been heard.

Facts

Plaintiff Ramon Chacon's father, Matthew Chacon ("Mr. Chacon"), applied for a life insurance policy with defendant Ohio State Life Insurance Company on January 3, 2001. Defendant issued a $400,000 policy to Mr. Chacon which became effective on February 1, 2001.

---

[1]Docket No. 37.

[2]Docket No. 41.

Mr. Chacon's policy defined a "beneficiary" as follows:

> The beneficiary receives the death benefit of this policy upon the death of the insured. The beneficiary of this policy is named in the application unless a new beneficiary is later named, subject to the terms of the Change of Beneficiary provision.
>
> If no named beneficiary survives the insured, then you or – in the event of your death – your estate will be named as the beneficiary.[3]

On his application, which was considered part of the insurance contract,[4] Mr. Chacon designated his "primary" beneficiaries as: 1) "Aurora Chacon – spouse 50%[,]" 2) "Israel Chacon[5] - son 25% Aurora Chacon to be trustee until son becomes of legal age[,]" and 3) "Estate - of Mathew [sic] Chacon 25%[.]"[6] Although the application gave Mr. Chacon the option of naming contingent beneficiaries, Mr. Chacon did not name any contingent beneficiaries.[7] The beneficiary section of the application provides that "[s]ubject to applicable law, surviving beneficiaries of a stated class will share equally unless otherwise noted."[8]

---

[3]Policy No. V1292673, Exhibit 2 at OSLCCL000156, Plaintiff's Response to Motion for Partial Summary Judgment re Limitation of Damages, Docket No. 41.

[4]Id. at OSLCCL000154.

[5]Israel is plaintiff's middle name.

[6]Application, Exhibit 1 at 1, Plaintiff's Response to Motion for Partial Summary Judgment re Limitation of Damages, Docket No. 41.

[7]Id.

[8]Id.

Mr. Chacon died on February 28, 2002, within the two-year contestability period. His wife, Aurora, was appointed the personal representative of his estate. In March 2002, defendant notified Mrs. Chacon that it would be conducting a contestability review before it paid any benefits under Mr. Chacon's policy. In April 2002, Mrs. Chacon submitted claim forms on behalf of all the beneficiaries. Defendant determined that Mr. Chacon had made material misrepresentations on his application and thus defendant rescinded the policy and denied the claims that Mrs. Chacon had submitted. After the claims were denied, Mrs. Chacon took no further action on behalf of any of the beneficiaries.

In November 2013, after he reached legal age, plaintiff commenced this action in which he asserts a breach of contract claim and a claim for bad faith.

Defendant now moves for summary judgment limiting plaintiff's damages for his breach of contract claim to $100,000.

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant

in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

The sole issue here is whether plaintiff is entitled to $100,000 or $400,000 in death benefits if he prevails on his breach of contract claim. Resolution of this issue requires construction of the insurance contract. The parties agree that New Mexico law applies to the construction of Mr. Chacon's life insurance contract.

"New Mexico law treats an insurance policy as an ordinary contract to be construed according to customary principles of contract." Carolina Cas. Ins. Co. v. Nanodetex Corp., 733 F.3d 1018, 1022 (10th Cir. 2013). "[A] policy 'must be construed as intended to be a complete and harmonious instrument designed to accomplish a reasonable end." Id. (quoting Safeco Ins. Co. of Am., Inc. v. McKenna, 565 P.2d 1033, 1037 (N.M. 1977)). "Unambiguous insurance contracts must be construed in their usual and ordinary sense unless the language of the policy requires something different." Safeco Ins. Co. of Am., 565 P.2d at 1037. A clause in an insurance contract "'is ambiguous if it is reasonably and fairly susceptible of different constructions.'" State Farm Mut. Auto. Ins. Co. v. Baldonado, 75 P.3d 413, 416 (N.M. Ct. App. 2003) (quoting Miller v. Triad Adoption & Counseling Servs., Inc., 65 P.3d

1099, 1102 (N.M. Ct. App. 2003)). "Ambiguities arise when separate sections of a policy appear to conflict with one another, when the language of a provision is susceptible to more than one meaning, when the structure of the contract is illogical, or when a particular matter of coverage is not explicitly addressed by the policy." Rummel v. Lexington Ins. Co., 945 P.2d 970, 976 (N.M. 1997).

"If an ambiguity is found in the language of an insurance contract, then it should be construed liberally in favor of the insured." Safeco Ins. Co. of Am., 565 P.2d at 1037. "However, the rule requiring construction of insurance contracts favorably to an insured applies only where the language in the policy is ambiguous." Id. "Resort will not be made to a strained construction for the purpose of creating an ambiguity when no ambiguity in fact exists." Id. "[T]he interpretation of terms within an insurance policy is "a matter of law about which the court has the final word[.]'" United Nuclear Corp. v. Allstate Ins. Co., 285 P.3d 644, 647 (N.M. 2012) (quoting Rummel, 945 P.2d at 984).

Plaintiff first argues that the insurance contract is ambiguous because there is another reasonable interpretation of the policy. The beneficiary section in the application provides that "surviving beneficiaries of a stated class will share equally unless otherwise stated."[9] Plaintiff argues that because Mrs. Chacon and the estate are unwilling or unable to collect any death benefits, he is the only "surviving" beneficiary and thus he is entitled to the entire $400,000 in benefits. Plaintiff argues that his proposed interpretation would fulfill the

---

[9]Application, Exhibit 1 at 1, Plaintiff's Response to Motion for Partial Summary Judgment re Limitation of Damages, Docket No. 41.

reasonable expectations of Mr. Chacon, and he points out that "[t]he court's construction of an insurance policy [should] be guided by the reasonable expectations of the insured." Rummel, 945 P.2d at 977. Plaintiff argues that because Mr. Chacon purchased $400,000 in death benefits to provide for his family, he would have reasonably expected that the policy would provide 100% of those death benefits.

One of the problems with this argument is that plaintiff is not the "sole surviving" beneficiary. Plaintiff puts a strained construction on the term "surviving." The plain and ordinary meaning of "surviving" is to still be alive. At the time of Mr. Chacon's death, Mrs. Chacon, one of the other beneficiaries, was still alive. Plaintiff may be the sole beneficiary who can still pursue a claim for death benefits but that does not mean he is entitled to 100% of the death benefits. In addition, plaintiff's contention that Mr. Chacon would have reasonably expected his son to receive 100% of the death benefits is nothing more than speculation. Mr. Chacon made his intentions clear on his application when he designated the percentage of the death benefits that each of the three beneficiaries was to receive. Mr. Chacon plainly indicated that he intended that his son would receive 25% of the death benefits.

Plaintiff next argues that interpreting the insurance contract as limiting him to $100,000 in death benefits would result in a forfeiture, which law and equity abhor. See Easterling v. Peterson, 753 P.2d 902, 903 (N.M. 1988) ("New Mexico has long adhered to an abhorrence for forfeiture of contracts"). "As a general principle of contract interpretation,

an interpretation that reduces a risk of forfeiture is preferred." Ostrowski v. Barber, 967 P.2d 859, 861-62 (N.M. Ct. App. 1998) (citation omitted). Courts "generally will uphold forfeitures only when a contract expressly provides for them." Id. at 862. Plaintiff argues that Mr. Chacon's policy nowhere expressly provided for forfeiture of $300,000 in death benefits and that nothing in the policy states in clear and unequivocal language that the $300,000 in death benefits must be forfeited if Mrs. Chacon and the estate are unwilling or unable to collect those benefits.

This case does not involve a forfeiture but rather a statute of limitations problem. Mrs. Chacon did not file, either for herself, Mr. Chacon's estate, or as trustee for plaintiff, a lawsuit challenging defendant's decision to rescind the policy, which she could have done. Because she did not file a lawsuit, her claims and the estate's claims became time-barred. What plaintiff is attempting to do here is revive these time-barred claims, which he cannot do. That $300,000 in death benefits cannot be sought in this case is a consequence of Mrs. Chacon's and the estate's decision to abandon their claims for death benefits.

Plaintiff also argues that the "beneficiary" clause in the policy is ambiguous because the structure of the policy is illogical. Plaintiff points out that the "beneficiary" clause in the policy only refers to a single beneficiary but the application allowed insureds to name more than one beneficiary in a single class. Plaintiff argues that this creates ambiguity because the policy contemplated that there would be only a single beneficiary while the application contemplated that there might be multiple beneficiaries.

The policy's reference to "the beneficiary" does not make the insurance contract ambiguous. The policy defined "the beneficiary" as a person or entity that "receives the death benefit of this policy upon the death of the insured."[10] This definition can apply to any beneficiary "named in the application...."[11]

Plaintiff next argues that the "beneficiary" clause in the policy is ambiguous because the reference to the "estate" as the residual beneficiary is irrelevant when there is an actual person, namely plaintiff, who is the sole residual beneficiary. As set out above, the policy provided that "[i]f no named beneficiary survives the insured, then you or – in the event of your death – your estate will be named as the beneficiary."[12] This clause is irrelevant in this case because there is a named beneficiary who survived Mr. Chacon. But that does not mean that the policy is ambiguous. All it means is that this clause does not apply in this case.

Plaintiff next argues that the insurance contract is ambiguous because it does not expressly address what happens to the death benefits when two of the beneficiaries are unwilling or unable to make a claim for their designated benefits. "[W]hen "a contract is silent on an issue, the law implies a reasonable term to cover that issue." ConocoPhillips Co. v. Lyons, 299 P.3d 844, 861 (N.M. 2012) (citation omitted). Plaintiff argues that it would be reasonable to imply that the sole surviving beneficiary can receive the death benefits that the

---

[10]Policy No. V1292673, Exhibit 2 at OSLCCL000156, Plaintiff's Response to Motion for Partial Summary Judgment re Limitation of Damages, Docket No. 41.

[11]Id.

[12]Id.

other beneficiaries do not claim. Plaintiff argues that this is a logical, fair, and equitable term that Mr. Chacon would have wanted in the policy given that his intent was to buy $400,000 in life insurance to protect his family.

Ignoring for the moment that plaintiff is not the "sole surviving beneficiary" and assuming that the policy does not address the exact situation presented here, it would not be reasonable to imply the term that plaintiff suggests. The policy adequately sets forth how death benefits are to be paid and there is no reason to imply a term that would allow one beneficiary to pursue the claims of the other beneficiaries, claims that those beneficiaries have abandoned and which are time-barred. Moreover, the application permitted the insured to name contingent beneficiaries, which gave Mr. Chacon the option of providing additional benefits to plaintiff, had he wanted to do so. But instead, Mr. Chacon left the contingent beneficiary section blank, thereby indicating his intent that the three primary beneficiaries could only take their designated share of the death benefits.

Finally, plaintiff argues that by proposing that the insurance contract be interpreted to limit his breach of contract damages to $100,000, defendant is breaching the implied covenant of good faith and fair dealing because defendant is putting its own interests ahead of the interests of its insured. See Lujan v. Gonzales, 501 P.2d 673, 680 (N.M. Ct. App. 1972) ("an insurer cannot be partial to its own interests, but must give its interests and the interests of its insured equal consideration"). It is not a breach of the covenant of good faith and fair dealing to ask the court to interpret the terms of an insurance contract, which is all that defendant is

doing here. See Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989) (quoting Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984) ("The insurer does not breach this duty by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate'").

Mr. Chacon's policy unambiguously provided that "[t]he beneficiary of this policy is as named in the application...."[13] Mr. Chacon unambiguously named plaintiff as one of the primary beneficiaries of the policy and designated that plaintiff was to receive 25% of the policy proceeds, which means that plaintiff is only entitled to attempt to recover $100,000 in death benefits under the policy.

## Conclusion

Based on the foregoing, defendant's motion for partial summary judgment[14] is granted.

DATED at Anchorage, Alaska, this 24th day of August, 2017.

/s/ H. Russel Holland
United States District Judge

---

[13]Policy No. V1292673, Exhibit 2 at OSLCCL000156, Plaintiff's Response to Motion for Partial Summary Judgment re Limitation of Damages, Docket No. 41.

[14]Docket No. 37.